[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE PETITION
The divorced parents of Wayne have filed a petition for emancipation based on General Statute 46b-150b
(3)(4). The parents have joint legal custody, 46b-56a. The mother has remarried. Wayne will be 18 on February 10, 1992, seven months away. Because of Wayne's responses to the questions of the court on plea date, the court ordered a probation officer to investigate and file a report. Wayne was self-employed as a "landscaper" with no appreciation of income flow; he appeared innocent. The probation officer's report concluded Wayne is "incapable of independently caring for himself as an adult". See report.
Although father had physical custody, Wayne lived with his mother until October, 1990. Since then, he has lived apart from his parents, without financial support from his mother at least. (The father did not appear.) The mother's family testified Wayne is out of control, threatening, destructive and disruptive; he has been criminally CT Page 6250 involved with substance abuse and possibly a knife charge.
The court also appointed an attorney for the child. The attorney reported the child did not oppose the petition because the child felt capable of taking care of himself. To extent the attorney was a guardian ad litem, he reported that the petition was not in child's best interest.
Both probation officer and attorney concluded the child seemed resigned to the petition brought by his parents.
Since the plea hearing, Wayne was admitted to a hospital psychiatric service and as of July 9 has been shifted to a treatment facility in Vermont. Apparently the father has assumed financial responsibility; no one was certain to the effect of emancipation on any insurance coverage.
If emancipation were granted, there would be no significant changes in the interpersonal relationship of the family. See, 46b-15. Hopefully, Wayne's current treatment can resolve his irresponsibility.
Parents may be disappointed with their children. The public policy of Connecticut is to strengthen the family. Emancipation should not be freely granted.
The court does not find either 1, 46b-150 (3) or (4). Accordingly, the petition is denied and the minor is not statutorily emancipated.
SAMUEL S. GOLDSTEIN